**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| HUNTER BOULWARE | CIVIL ACTION NO. 26-2364 |
| VERSUS | JUDGE DONALD E. WALTER |
| JUSTIN JACKSON | MAGISTRATE JUDGE HORNSBY |

# MEMORANDUM RULING

This Court has a duty to examine the basis for subject matter jurisdiction, even if no party raises the issue. See Torres v. S. Peru Copper Corp., 113 F.3d 540, 542 (5th Cir. 1997). In this matter, subject matter jurisdiction simply does not exist.

[1]Hunter Boulware ("Boulware"), who is self-represented, was previously employed at Walgreens. Justin Jackson ("Jackson") was his store manager. Walgreens fired Boulware and Boulware was later hired by Walmart as a pharmacy technician. Boulware and Jackson encountered each other in Walmart and that encounter, among other things, allegedly led to Walmart taking employment action against Boulware.

Boulware filed suit against Walmart in which he asserted a number of employment discrimination and related claims. See Boulware v. Walmart, 25-2007 (W.D. La). Boulware alleged that Jackson was responsible for some of the issues with Walmart because Jackson allegedly made defamatory statements about Boulware to Walmart management. Boulware attempted to amend his complaint and add Jackson as a defendant in that case, but the Court denied that request.

[1] This Court will restate the facts of this case that were well-summarized by Magistrate Judge Mark L. Hornsby in his Report and Recommendation. See Record Document 5.

Boulware then filed this new civil action against Jackson a few days later, alleging that Jackson, based on the Walmart encounter and related communications, is liable for defamation, tortious interference with business relations, intentional infliction of emotional distress, and other tort claims. He seeks $200,000 in damages plus various forms of equitable relief. In the portion of his complaint addressing jurisdiction, Boulware alleged that his complaint should remain in federal court "as a supplemental or related pleading within the existing Walmart action." Record Document 1 at 3. He alleged that the two cases are related, involve many of the same witnesses and records, and otherwise overlap. Boulware relied upon 28 U.S.C. § 1367, based on his assertion that this case and his Walmart case (over which the court has federal question jurisdiction) are based on a common nucleus of operative fact.

Thereafter, Magistrate Judge Mark Hornsby issued a Report and Recommendation, recommending that Boulware's complaint in this action be dismissed without prejudice for lack of subject matter jurisdiction.[2] See Record Document 5. Magistrate Judge Hornsby noted that Section 1367 "requires a basis for original jurisdiction over a civil action and then allows the court to exercise supplemental jurisdiction over other related claims within that case" and concluded that "the fact that the court has original jurisdiction over the Walmart case does not allow the court to exercise supplemental jurisdiction over this separate, albeit somewhat related, civil action against Mr. Jackson." Record Document 5 at 4. Boulware filed an objection to the Report and Recommendation and a First Amended Complaint, adding a new claim wherein he "invokes 28 U.S.C. §§ 1331 and 1343(a)(1) because Count One arises under the first clause of 42 U.S.C. §

[2] Magistrate Judge Hornsby observed, and this Court agrees, that Boulware did not invoke diversity jurisdiction, and nor does there appear to be a basis for such. See Record Document 5 at 3.

1985(2)." Record Document 8 at 2. Boulware contends that his first amended complaint asserts an "independent federal basis" for jurisdiction because of this new allegation.

Subsection (2) of Section 1985 addresses conspiracies directed at the right of participation in federal judicial proceedings. This statute "has been read by the Supreme Court as protecting any party, witness, or juror from intimidation regardless of any racial animus on the part of the defendant. . . ." Montoya v. FedEx Ground Package Sys., Inc., 614 F.3d 145, 149 (citing Kush v. Rutledge, 460 U.S. 719, 723-27, 103 S.Ct. 1483 (1983)). To state a cause of action under the first clause of Section 1985(2), Boulware must allege a conspiracy to deter a witness or litigant by force, intimidation, or threat from attending federal court or testifying, and an injury. See Mitchell v. Johnson, No. 07-CV-40996, 2008 WL 3244283, at *2 (5th Cir. Aug. 8, 2008). The Fifth Circuit has explained that the statute "does not create liability for every adverse action taken against a witness after the witness testifies in a federal case. In addition to the requirement that there be a cognizable injury to the witness or his property. . ., the statute itself contains another limiting principle: the conspirator must threaten or injure the witness 'on account of his having so attended or testified'—that is, because of, and by reason of, a person's participation as a witness." Kinney v. Weaver, 367 F.3d 337, 355 (5th Cir. 2004). "The same logic limits liability for adverse actions taken against parties and witnesses who have not yet testified in the proceeding: in that case, the conspirator must injure the party or witness *in order to* deter him from attending or testifying in federal court." Montoya, 614 F.3d at 150 (emphasis in original).

Here, Boulware has not alleged any facts that meet this standard. Boulware has not alleged any agreement between the defendant and others to conspire against him. Furthermore, he has failed to allege facts that show a conspiracy; rather, he relies on conclusory allegations based on speculation. Bald allegations that a conspiracy existed are insufficient. See Brown v. Davis, 174

F.3d 198 (5th Cir. 1999). Accepting the well-pled facts as true, Boulware has failed to state a viable claim under 42 U.S.C. § 1985(2). His allegations are devoid of any factual content form which this Court would be able to draw the reasonable inference that the defendant is liable under Section 1985(2). Therefore, Boulware's claim under Section 1985(2) is **DISMISSED WITH PREJUDICE** for failure to state a claim. Furthermore, this Court declines to exercise its supplemental jurisdiction over his state law claims pursuant to 28 U.S.C. § 1367 and those claims are **DISMISSED WITHOUT PREJUDICE**.[3]

A judgment consistent with the terms of this Memorandum Ruling shall issue forthwith.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 9th day of November, 2026.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE

[3] Section 1367 provides that when a district court has original jurisdiction over a civil action it shall have supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy" under Article III. However, supplemental jurisdiction does not attach to a related but separate civil action.